This is an application for the appointment of a receiver for defendant, Grant Silk Manufacturing Company, Incorporated. Complainant is the holder of $77,000 par value of bonds of Florine Silk Company, Incorporated, which bonds are secured by a mortgage to Brenniman P. Bartlett as trustee to secure a total issue of $100,000 of bonds. The only bonds now outstanding are those of complainant. After the execution of the bonds and mortgage, the premises covered by the mortgage were conveyed in 1929 to defendant, which assumed the payment of the bonds. Defendant failed to pay taxes upon the premises and the premises were sold by the receiver of taxes who assigned the certificate therefor to Fred Ehrenkranz and Company, a corporation, which foreclosed the tax title. The title was finally taken in the name of a trust company. *Page 322 
Defendant was engaged in business as manufacturer of silks, but sometime prior to the year 1935 and according to the affidavits of the officers of defendant, in the year 1932, defendant sold its machinery to a corporation apparently organized for that purpose known as the Grant Textile Manufacturing Company, Incorporated, and since that time defendant has not carried on any business except as landlord of the premises covered by the mortgage under a lease to the textile corporation.
Defendant is in default on the mortgage for failure to pay the interest on the bonds as provided for therein and by reason of such default and further by reason of the default in payment of taxes on the premises the principal of the bonds is now due and payable in accordance with the terms of the mortgage. Brenniman P. Bartlett, the trustee under the mortgage, has assigned all his rights under the mortgage to complainant as owner of all the bonds secured thereby.
It is clear from the foregoing that defendant is insolvent. It has suspended all its business and it is obvious that this was for want of funds to carry on the same, since it has not only failed to pay the interest on its bonds but has lost possession through the tax sale of its sole source of income, having previously sold out and discontinued its other business, that of manufacturing silks.
Defendant argues that complainant is not a creditor of defendant and has no right to bring this proceeding; and that in effect this proceeding is a suit on the bonds secured by the mortgage and therefore cannot be maintained without first foreclosing the mortgage.
Both these grounds are untenable. As to the first, plaintiff is clearly a creditor since upon taking over the premises secured by the mortgage, defendant expressly assumed the payment of the bonds. As to the second ground, the suit is not one to collect a debt but is an application to conserve the assets on behalf of complainant and all of the creditors.
It is clearly held in the case of Reinhardt v. Inter-StateTelephone Co., 71 N.J. Eq. 70, that the holders of bonds in default is a creditor of the corporation. The court said, (at p.74), "it seems to me the position that he is not a *Page 323 
creditor is hardly arguable, and the case before cited of Smith
v. Crater, 42 N.J. Eq. (15 Stew.) 348, and 43 N.J. Eq.
(16 Stew.) 636, holds that he is a creditor. * * *
"Moreover, the precise question here involved was recently before Vice-Chancellor Garrison and considered by him in the unreported case of Skiddy v. Lyons Campbell Cattle Co., and he informs me that, after consideration, he held the holder of unpaid coupons of bonds secured by a mortgage of the defendant corporation to be a creditor for the purpose of prosecuting a suit to have that defendant declared insolvent, and that he so declared it and appointed a receiver."
The same case also clearly holds that such a suit as this for the appointment of a receiver is not barred by a statutory provision requiring foreclosure of the mortgage before a suit to collect the debt secured by the mortgage. The court says (at p.75), "this shows that the bill is not a suit to enforce or collect the debt due to the complainant, but is simply a statutory suit to throw the company into insolvency and administer its assets in this court for the benefit of all the creditors."
As appears from the foregoing statement of facts, the trust company took title to the premises under the tax foreclosure. Complainant asserts that this was not done by the trust company as her representative and that the money to purchase at the tax sale was not her money but that of the trust company, and that she has no right of redemption. She does say that she has some expectation that the bank will, however, allow her to redeem. Defendant contends that the title to the property was taken by the trust company under the tax foreclosure for complainant's benefit and that she has the right to redeem. Even if this be so, I cannot see that it would affect complainant's right to the relief prayed for, as the legal effect would be only to increase the amount of complainant's lien against the premises by the amount of the taxes.
Since it clearly appears that defendant is insolvent and has discontinued its business, a receiver will be appointed. *Page 324